IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID TAXER and SAUL CORTES
individually and on behalf of all others
similarly situated,

            Plaintiffs,

   v.

PROGRESSIVE UNIVERSAL
INSURANCE COMPANY and
PROGRESSIVE CLASSIC INSURANCE
COMPANY,

            Defendants.

No. 3:22-cv-01255-HZ

OPINION & ORDER

Andrew J. Shamis
Edwin E. Elliott
SHAMIS & GENTILE, P.A.
14 NE 1st Avenue, Suite 705
Miami, FL 33132

Scott Edelsberg
Christopher Gold
EDELSBEG LAW, P.A.
20900 NE 30th Avenue, Suite 417
Aventura, FL 33180

1 – OPINION & ORDER

Whitney Stark
ALBIES & STARK
1 SW Columbia Street, Suite 1850
Portland, OR 973204

    Attorneys for Plaintiffs

Timothy W. Snider
Christopher C. Rifer
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205

Jeffrey S. Cashdan
Zachery A. McEntyre
J. Matthew Brigman
Allison Hill White
Allexia Bowman
Erin M. Munger
KING & SPAULDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309

Julia C. Barrett
KING & SPAULDING LLP
500 W. 2nd Street
Austin, TX 78701

    Attorneys for Defendants

HERNÁNDEZ, District Judge:

    Plaintiffs David Taxer and Saul Cortes bring this putative class action against Defendants Progressive Universal Insurance Company and Progressive Classic Insurance Company. Plaintiffs allege Defendants breached their insurance contracts with Plaintiffs in their method of estimating the actual cash value of total loss vehicles. Plaintiffs bring claims for breach of contract and breach of the covenant of good faith and fair dealing.

    Plaintiffs moved for class certification on March 8, 2024. Soon after filing their response brief, Defendants moved to stay this case pending a decision from the Ninth Circuit Court of

Appeals on a denial of class certification in a nearly identical case. For the reasons that follow, the Court grants Defendant's motion.

## BACKGROUND

Plaintiffs contracted with Defendants for car insurance. Second Am. Compl. (SAC) ¶¶ 11–12. Those policies provide that, in the event of a "loss" to covered automobiles, Defendant limits its liability to the vehicle's actual cash value ("ACV"). Pls. Mot. Class Cert. Ex. 3 at 22, ECF 63-3. ACV "is determined by the market value, age, and condition of the vehicle at the time the loss occurs." *Id.* at 29.

Plaintiffs in this case challenge Defendants' use of valuation reports from Mitchell International in determining the ACV of totaled vehicles. SAC ¶ 1. Plaintiffs allege that this results in undervaluation of the ACV of a totaled vehicle through the application of a Projected Sold Adjustment ("PSA"). SAC ¶¶ 1, 4. The PSA is intended to "reflect consumer purchasing behavior" when a consumer negotiates a different price than the listed price. SAC ¶ 5. Plaintiffs allege that in formulating this number, Defendants—through their vendors—discarded data where the list price of a vehicle exceeded or equaled the sold price and failed to account for other factors that could influence sales price. SAC ¶ 6. The PSA, therefore, results in an underpayment on claims for totaled vehicles, which violates the terms of the contract requiring payment of ACV.

Plaintiffs throughout the United States have brought class actions challenging these practices against Defendants and other automobile insurance providers. Courts are divided on whether class certification is appropriate, with the majority finding that it is. *See* Pls. Mem. ISO Class Cert. 1 n.1 (citing cases from the Southern District of Indiana, Eastern District of Tennessee, District of Colorado, Eastern District of Pennsylvania, Northern District of Georgia,

Southern District of New York, and Western District of Tennessee), ECF 74; Pls. Reply Mot. Class Cert. 2 (citing cases from the Northern District of Alabama and from the District of South Carolina), ECF 83. A few, however, have denied class certification because common questions did not predominate over questions affecting only individual members of the class. *See* Defs. Resp. Mot. Class Cert. 2–3 (citing cases from the District of Arizona and the Southern District of Iowa), ECF 80; Defs. June 11 Notice of Suppl. Authority (citing case from the Eastern District of North Carolina), ECF 85. Three circuits have granted review of orders granting class certification. *See Progressive Specialty Ins. Co. v. Drummond*, No. 23-8035 (3d. Cir.); *Progressive Paloverde Ins. Co. v. Schoreder*, No. 24-1559 (7th Cir.); *In re State Farm Mut. Auto. Ins. Co.*, No. 23-0508 (6th Cir.). Since Defendants filed their motion, at least two district courts in the Seventh Circuit and one in the Sixth Circuit have stayed proceedings pending appellate review of these cases. *See* Defs. June 14 Notice of Suppl. Authority, ECF 87; Defs. June 21 Notice of Suppl. Authority, ECF 90; Defs. June 27 Notice of Suppl. Authority, ECF 91.

In the Ninth Circuit, the United States District Court for the District of Arizona recently denied class certification on identical claims for a nearly identical class. *Ambrosio v. Progressive*, No. CV-22-00342-PHX-SMB, 2024 WL 915184 (D. Ariz. Mar. 4, 2024). The district court denied class certification because the plaintiffs could not show that their claims satisfied the predominance requirement of Rule 23(b)(3). *Id.* at *7–8. The district court concluded that it would be difficult to determine whether the contract was breached—i.e. whether the plaintiffs were paid less than ACV—on a class wide-basis. *Id.* at *7. It further concluded that "even if [the plaintiffs] established the PSA was a policy violation, [the defendant] would still be entitled to present individualized evidence that it did not breach any one [p]laintiff's contract" because that plaintiff was still paid the correct ACV. *Id.* at *8. The

plaintiffs—who are represented by the same counsel as Plaintiffs in this case—filed a Rule 23(f) petition for interlocutory review, which was granted by the Ninth Circuit on April 26, 2024. *See* Order, *Ambrosio v. Progressive*, No. 24-1633, ECF No. 29 (9th Cir. Apr. 26, 2024).

## DISCUSSION

Defendants move to stay this case pending a ruling from the Ninth Circuit in *Ambrosio v. Progressive Universal Insurance Co.*, No. 24-2708. Defs. Mot. Stay, ECF 79. Defendants argue that a stay is warranted because the Ninth Circuit's decision in *Ambrosio* may substantially affect or be dispositive of the class certification question in this case. *Id.* at 8. Plaintiffs oppose the motion, arguing that a stay would be prejudicial and expressing skepticism that the *Ambrosio* decision would affect class certification in this case. Pls. Resp. Mot. Stay, ECF 81. The Court agrees with Defendants.

The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). In deciding whether to grant a stay, the Ninth Circuit weighs the competing interests affected by the stay, including:

> [T]he possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.,* 398 F.3d. 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall,* 300 F.2d. 265, 268 (9th Cir. 1962)). Factors the court considers include whether "the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims," *Levya v. Certified Grocers of California, Ltd.* 593 F.2d. 857, 864 (9th Cir. 1979), and the nature of the relief sought, *see Lockyer,* 398 F.3d at 1112 (denying stay in part because the

Attorney General sought injunctive relief on behalf of the people of California); *CMAX,* 300 F.2d at 268–69 (granting the stay and noting that the plaintiff is only seeking damages).

The Court finds that a stay is appropriate. The Ninth Circuit's decision in *Ambrosio* is likely to be dispositive of the issues in this case. Both cases involve the same class:

> All persons who made a first-party claim on a policy of insurance issued by Progressive . . . to an [Arizona or Oregon] resident where . . . Progressive determined that the vehicle was a total loss and based its claim payment on an Instant Report from Mitchell where a Projected Sold Adjustment was applied to at least one comparable vehicle.

Pls. Mot. Class Cert. 1, ECF 62; *Ambrosio*, 2024 WL 915184, at *2. Both cases involve the same allegation that Defendants violated their policies with the insured in applying the PSA and systemically undervaluing the cash value of total loss vehicles. SAC; *Ambrosio*, 2024 WL 915184, at *1. Plaintiffs—who are represented by the same attorneys in both actions—do not dispute that the evidence is nearly identical between both actions. And most of Plaintiffs' motion for class certification in this case focuses on predominance, which was the focal point of the district court's denial of class certification in *Ambrosio*. Pls. Mem. ISO Class Cert. 15–27. Defendants' response brief and Plaintiffs' reply both extensively discuss *Ambrosio*. Defs. Resp. Mot. Class Cert. 2, 15, 17; Pls. Reply Mot. Class Cert. 16–18. The circuit court's review of that decision is likely to be helpful in this case. Indeed, the Ninth Circuit's decision could be dispositive of the class certification issue here.

This case also arises in a complex and rapidly evolving body of caselaw. *Ambrosio* is the only identical case on this issue in the Ninth Circuit and is somewhat of an outlier.[1] As discussed

---

[1] The Court also notes that there is precedent in this circuit on a class action involving similar facts and legal issues that many district courts have found distinguishable in their class certification decisions. In *Lara v. First National Insurance Company of America*, 24 F.4th 1134 (2022), the Ninth Circuit affirmed the district court's denial of class certification in an auto insurance suit. The plaintiffs in *Lara* challenged Liberty Mutual's calculation of actual cash

6 – OPINION & ORDER

above, courts have granted class certification in an overwhelming majority of these cases over the past year. *See* Pls. Mem. ISO Class Cert. 1 n.1. And, in addition to *Ambrosio*, three other decisions on class certification with identical or nearly identical claims are on interlocutory review in other circuits. *See Progressive Specialty Ins. Co. v. Drummond*, No. 23-8035 (3d. Cir.); *Progressive Paloverde Ins. Co. v. Schroeder*, No. 24-1559 (7th Cir.); *In re State Farm Mut. Auto. Ins. Co.*, No. 23-0508 (6th Cir.). In light of *Ambrosio*, conflicting holdings from other districts, and pending appeals on this issue, the Court finds that a stay pending the Ninth Circuit's ruling would help simplify issues and questions of law in this case. A stay promotes judicial economy.

    A stay will not cause significant prejudice to Plaintiffs. The only possible harm to Plaintiffs is delay. The Court cannot predict how long a decision in *Ambrosio* will take. But Plaintiffs have indicated that, were the Court to rule on their motion for certification now, the case would be stalled regardless of the outcome. Specifically, Plaintiffs state that they will "agree to wait until Progressive's 23(f) petition is resolved before issuing class notice and proceeding with dispositive motions, other pretrial procedure, and trial" if their class is certified. Pls. Resp. Mot. Stay 5. If, on the other hand, the Court were to deny certification, Plaintiffs would seek an interlocutory appeal and be willing to postpone trial and dispositive motions until it is resolved. *Id.* In other words, Plaintiffs will not resolve their case sooner if the Court denies Defendant's

---

value for totaled cars, arguing that its use of valuation reports from a third party without itemizing or explaining any downward condition adjustments violated state law and was a breach of the insurance contract. *Id.* at 1136–37. In agreeing with the district court that individual questions predominated over common questions, the circuit court emphasized that "to show liability for breach of contract . . ., [the plaintiffs] must also show an injury," which in that case "require[d] individualized determination for each plaintiff." *Id.* at 1138. Specifically, the court noted "if a putative class member was given [the actual cash value] or more, then he or she cannot win on the merits," and "figuring out whether each individual putative class member was harmed would involve an inquiry specific to that person." *Id.* at 1139.

7 – OPINION & ORDER

request to stay, so there is no significant harm or disadvantage to Plaintiffs in granting a stay now. A decision from the Court at this juncture would waste judicial resources.

## CONCLUSION

The Court GRANTS Defendants' Motion for Stay [79] pending resolution of *Ambrosio v. Progressive*, No. 24-1633 (9th Cir.). Within thirty days of the Ninth Circuit's decision in *Ambrosio*, the parties shall file a status report addressing next steps in this case and whether the stay should be lifted. Oral Argument on August 5, 2024, is cancelled.

IT IS SO ORDERED.

DATED: July 22, 2024.

MARCO A. HERNÁNDEZ
United States District Judge